### L. J. WING MFG. CO. v. THOMPSON.

(Supreme Court, Appellate Term. December 22, 1909.)

1. PRINCIPAL AND AGENT (§ 82*)—ADVANCES ON COMMISSIONS—LIABILITY OF AGENT.

In the absence of special agreement, an agent who receives advances on account of commissions cannot be held to a personal liability for such advances, though the commissions earned did not equal the advances, and though the employment has ceased.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 216, 223; Dec. Dig. § 82.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PRINCIPAL AND AGENT (§ 82*)—COMMISSIONS—ADVANCES—DEFECTIVE CONTRACT.

A contract providing that an agent should be allowed to draw $30 a week against his share of the profits, and, should he fail to make sufficient sales to yield a profit equal to the $30, the plaintiff had the option to discontinue the advances till the profits on defendant's sales equaled the money so advanced, does not change the rule that an agent is not personally liable for advances received.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 216, 223; Dec. Dig. § 82.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the L. J. Wing Manufacturing Company, against Richard Thompson. From a judgment for defendant, plaintiff appeals, and, from a judgment dismissing a counterclaim, defendant appeals. Affirmed on both appeals.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Charles O. Maas, for plaintiff.
Sumner B. Stiles, for defendant.

PER CURIAM. In Northwestern Mutual Life Ins. Co. v. Mooney, 108 N. Y. 118, 15 N. E. 303, it was laid down as a rule of law that, in the absence of special agreement, an agent who received advances on account of commissions could not be held to a personal liability for such advances, even though the commissions earned did not equal the advances, and that the employment had ceased. The doctrine of this case has been followed and applied substantially to a long line of cases. There is no distinguishing feature in the present case which would warrant a departure. The contract provided that the defendant be allowed to draw $30 a week against his share of the profits, and, should he fail to make sufficient sales to yield a profit equal to the $30, the plaintiff had the option to discontinue the advances until the profits on defendant's sales equaled the money so advanced. There cannot be spelled out from the contract any obligation on defendant's part to pay the advances except by the profits on his sales, and that is so, even though the profits did not equal the advances. The dismissal of the complaint was correct.

Defendant interposed three counterclaims; one for work, labor, and services; one for money had and received; and one for damages for breach of an oral agreement. Neither was supported by any evidence, and all were properly dismissed.

The judgment on plaintiff's appeal should be affirmed, with costs. Judgment on defendant's appeal affirmed, with costs; costs of one party to be offset against those of the other.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes